# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MID-SOUTH FARMING COMPANY,** *et al.*                                       **PLAINTIFFS**

v.                                    No. 4:24-CV-00026 BRW

**RICETEC, INC.,** *et al*.                                                   **DEFENDANTS**

## ORDER

Pending is Plaintiffs' Motion to Remand (Doc. No. 31). Defendants Makhteshim Agan of North America Inc.,[1] Whitney Jones, Ricetec Inc., and Matt Snow[2] have responded. For the reasons set forth below, Plaintiffs' Motion is GRANTED.

## I.   BACKGROUND

Plaintiffs allege they suffered damages from a defective Highcard herbicide, made from products produced by the Adama and RiceTec Defendants. The Highcard herbicide was used by Plaintiffs in 2022 for growing rice. Defendant Makhteshim Agan of North America Inc. ("MANA") removed this case from the Circuit Court of Lonoke County on January 11, 2024,[3] based on diversity jurisdiction. Although there are three non-diverse Defendants, James Sims, Whitney Jones, and Matt Snow, Defendants assert they were fraudulently joined.[4]

According to the Complaint, Defendants Ms. Sims, Ms. Jones and Mr. Snow were salespeople who "were involved in marketing, support services, educating, distributing, planting, treating, growing, troubleshooting, and performing" on behalf of Defendants Mana and

---

[1] Doc. No. 39.

[2] Doc. No. 40.

[3] Doc. No. 1.

[4] Doc. Nos. 39, 40.

1

RiceTec.[5] Plaintiffs allege that each one of the individual Defendants could be held liable for fraud, negligence, violating the Arkansas Products Liability Act, and violating the Arkansas Deceptive Trade Practices Act.[6]

## II.   DISCUSSION

Fraudulent joinder exists when a Plaintiff files a "frivolous or otherwise illegitimate claim against a non-diverse Defendant solely to prevent removal."[7] There is no fraudulent joinder "if there is a 'colorable cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged."[8] Stated another way, "if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent."[9] A removing Defendant bears the burden of establishing jurisdiction by a preponderance of the evidence.[10]

Here, Defendants allege Plaintiffs have not specified any particular acts of the individual Defendants that would cause a colorable cause of action in state Court.[11] However, Plaintiffs conclude they have enough facts to support a colorable claim against the individual Defendants under Arkansas law for fraud, product liability, and negligence.[12]

While it is left to be seen whether Plaintiffs will succeed against the MANA and RiceTec Defendants, it cannot be said that Plaintiffs have not presented a colorable cause of action against

---

[5] Doc. No. 2.

[6] Doc. No. 42.

[7] *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).

[8] *Id*. at 810 (emphasis in original).

[9] *Id*.

[10] *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2007).

[11] Doc. Nos. 39, 40.

[12] Doc. No. 42.

them. The fact that a Defendant eventually may be found not liable does not affect the fraudulent joinder analysis.[13] In this case, there is sufficient information supporting a colorable claim against the individual Defendants for their involvement on behalf of Defendants MANA and RiceTec.

### III.   CONCLUSION

Based on the findings of fact and conclusions of law above, the motion to remand is GRANTED. The Clerk of the Court is directed to immediately remand this case to the Circuit Court of Lonoke County.

IT IS SO ORDERED this 1st day of April, 2024.

BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE

---

[13] *Filla*, 336 F.3d at 810.